

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann

~~PRICE DANIEL~~

ATTORNEY GENERAL

Honorable John C. Knorpp
County Attorney
Donley County
Clarendon, Texas

Opinion No. 0-3819

Dear Sir:

Re: Fees of office--Feeble minded cases--County Judge, attorney, clerk and Sheriff.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I am writing you in reference to an opinion as to the fees receivable under Feeble Minded cases.

"It is my opinion that the County Judge, Clerk and County Attorney should receive the same fees as in Lunacy Cases.

"I enclose a brief showing my authority for such contention as there is no statute relative to the fees in Feeble Minded cases.

". . . ."

Articles 3867, 3868, 3869, 3870 and 3871, Vernon's Annotated Texas Civil Statutes, deal with proceedings in cases of feeble minded persons but provide no fees for the County Judge, County Clerk, County Attorney, Sheriff or any other County officer for their services in such cases. No liability for fees or court costs against the County in favor of any County official is created by any of said statutes.

Opinion No. 0-987 of this department holds that a Sheriff who conveys feeble minded persons and lunatics to State institutions is allowed only his actual expenses in the discharge of his duties in these respects. We enclose herewith a copy of said opinion for your information.

We quote from 34 Texas Jurisprudence, Section 105, Public Officers, pages 508 and 509, as follows:

"Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compen-

sation for his services in addition to his salary and the other not, the latter construction should be adopted. . . ."

34 Texas Jurisprudence, Section 197, Public officers, page 511, provides in part as follows:

"As hereinbefore stated, the compensation of public officers is fixed by the constitution or statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. . . ."

It is our opinion that neither the County Judge, County Clerk, County Attorney, Sheriff nor any other officer would be entitled to any fees from the County for their services in feeble minded cases. However, the Sheriff would be entitled to receive from the County actual expenses incurred in carrying a feeble minded person to a State institution as pointed out in Opinion No. O-987.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Wm. J. Fanning
        Assistant

APPROVED MAY 18, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

WJF:mp:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman